IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Banquer Gall, #176942,                    )<br>                                                              )<br>                           Plaintiff,             )<br>                                                              )<br>      vs.                                                 )<br>                                                              )<br>                                                              ) REPORT AND RECOMMENDATION<br>Tammy Childs, Greenville County       )<br>Department of Social Services; and   )<br>Cheri Lyda, Greenville County Sheriff's )<br>Department,                                          )<br>                                                              )<br>                           Defendants.           )<br>_____  ) | C/A No.: 1:15-1609-BHH-SVH |

Travis Banquer Gall ("Plaintiff"), proceeding pro se and in forma pauperis, is a pr-trial detainee incarcerated at Greenville County Detention Center. He filed this action, which is construed as brought pursuant to 42 U.S.C. § 1983, against Greenville County Department of Social Services ("DSS") caseworker Tammy Childs ("Childs") and Greenville County Sheriff's Department investigator Cheri Lyda ("Lyda") (collectively "Defendants").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges that Defendants conspired to sabotage his bond reduction and preliminary hearings by withholding "an important key piece of evidence." [ECF No. 1 at 3]. Plaintiff alleges that Childs began a DSS investigation on Plaintiff on June 26, 2014, and "concluded her unfounded evidence" on August 4, 2014, but did not "sign off on the case" until August 29, 2014. *Id.* Plaintiff states that he had a bond reduction hearing on August 15, 2014, and claims that the trial court may have granted his motion if he had "the unfounded forensic evidence in [his] possession." *Id.* Plaintiff states that his preliminary hearing was held on August 19, 2014, and that he believes his case would have been dismissed "if [he] could have shown the Judge [his] unfounded evidence." *Id.* Plaintiff claims that Lyda interrogated him on June 6, 2014, and advised him that she "'will do whatever it takes for [him] not to see his daughter again.'" *Id.* Plaintiff alleges that Lyda directed Childs to withhold the "unfounded evidence report" until his preliminary and bond reduction hearings were held. *Id.* Plaintiff seeks monetary damages and injunctive relief. *Id.* at 5

II.   Discussion

　　A.    Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28

2

U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. No Constitutional Violation

Plaintiff argues that he is entitled to damages and injunctive relief because Defendants prevented him from offering a key piece of evidence during his preliminary hearing and bond hearing. Under Fourth Circuit precedent, "the failure of an officer to

3

disclose exculpatory evidence after a determination of probable cause has been made by a neutral detached magistrate does not render the continuing pretrial seizure of a criminal suspect unreasonable under the Fourth Amendment." *Taylor v. Waters*, 81 F.3d 429, 437 (4th Cir. 1996). While the *Taylor* court noted that failure to disclose exculpatory evidence may support a § 1983 claim for deprivation of a fair trial, Plaintiff is a pretrial detainee and has yet to be tried on his pending criminal charges. *Id*. at 436 n.5. Therefore, Plaintiff can not allege a violation of his constitutional rights at this time. *See id.*; *Hockett v. Acosta*, 2:03CV00012, 2004 WL 1242757, at *3 (W.D. Va. June 3, 2004) (finding no Fourteenth Amendment violation when plaintiffs did not allege that any favorable evidence was unavailable at their criminal trial); *Windham v. Graham*, NO. 9:08-1935-PMD-GCK, 2008 WL 3833789, at *7–*9 (D.S.C. Aug. 14, 2008) (holding that a pretrial detainee who alleged that police withheld favorable evidence had no cause of action under the Fourteenth Amendment because he had not yet been tried).

To the extent that Plaintiff argues that his case may have been dismissed at his preliminary hearing if Defendants had disclosed the DSS "unfounded evidence report," this claim also fails. Plaintiff's speculation and conjecture about what may have transpired is insufficient to state a constitutional claim. *See United States v. Banks*, 370 F.2d 141, 145 (4th Cir. 1966) (holding speculative claim insufficient to support a finding of actual prejudice in case alleging constitutional violation based on failure to provide a speedy trial); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) ("Specificity is necessary so that [defendants] are not required to file unnecessary responses to speculative allegations."). Accordingly, this case is subject to summary dismissal.

2.  The *Younger* Abstention Doctrine

Plaintiff's complaint is also subject to dismissal based upon the *Younger* doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Applying these factors to this case, abstention is appropriate. First, Plaintiff is involved in an ongoing state criminal proceeding. If this court were to make factual findings that Defendants acted improperly in relation to Plaintiff's preliminary and bond hearings, the court would be improperly interfering with a pending criminal state court proceeding. Second, the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, Plaintiff has the

5

opportunity to present the DSS "unfounded evidence report" in state court before, during, and after the disposition of his criminal charge. Accordingly, the *Younger* abstention doctrine compels the court to abstain from exercising jurisdiction over Plaintiff's claims.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 27, 2015                                        Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).